UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x

PAMELA BURKE : No. 3:09CV-934 (SRU)
: 915 Lafayette Boulevard
vs. : Bridgeport, Connecticut
:
: September 15, 2010
MICHAEL ARAM, INC. :

- - - - - - - - - - - - - - - - x

TELEPHONE CONFERENCE

B E F O R E:

THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

FOR THE PLAINTIFF:

ROSE KALLOR, LLP
750 Main Street, Suite 606
Hartford, Connecticut 06103
BY: MICHAEL J. ROSE, ESQ.

FOR THE DEFENDANT:

KARAAHMET LUZ & GREENBERG, LLP
370 Lexington Avenue, 24th FL
New York, New York 10017
BY: THOMAS J. LUZ, ESQ.

Susan E. Catucci, RMR
Official Court Reporter
915 Lafayette Boulevard
Bridgeport, Connecticut 06604
Tel: (917)703-0761

(Whereupon the following session was held in chambers telephonically.)

(1:30 O'CLOCK, P. M.)

THE COURT: Stefan Underhill.

MR. ROSE: Hello, Judge Underhill. Attorney Rose here, and Attorney Luz.

THE COURT: Okay, great.

MR. LUZ: Good afternoon, Your Honor.

THE COURT: Good afternoon. We're on the record, so if each of you could identify yourselves each time you speak, that would be great.

I've got the motions here, cross motions on the question of awarding attorney's fees or vacating the judgment. I've reviewed those. I'm happy to give each of you a chance to make your argument if you'd like to, or I can just tell you what I think makes sense.

MR. ROSE: Your Honor, this is Attorney Rose. The only point that I would make is that there is one argument that was made in, in I think a reply brief that Mr. Luz put together, which dealt with the contingency fee serving as a cap, and I think that was addressed by the Supreme Court in a case called Blanchard v. Bergeron at 489 US 87, and 92 to 93. There's other cases if Your Honor would like me -- there's a case called Porzing v. Dresner (ph), but it's pretty clear that the federal

courts have been told by the Supreme Court that they should not use the contingency fee as a cap.

THE COURT: Okay. Well, help me understand why there was a meeting of minds here.

MR. ROSE: Your Honor, this is Attorney Rose. There was a meeting of the minds in that there was an offer of judgment and the offer of judgment was a -- as you know, it's a very powerful tool used by defendants to essentially, under a case called Merrick v. Chesney (ph), to set the bar for when attorney's fees stop accruing, and there's a very simple motion -- I'm sorry, an essentially an offer of judgment under Rule 68 that was offered, there's nothing confusing about it, and we accepted it.

There's been hosts of court cases, including -- and I can find them as we go along, I think they are cited. Judge Burns had a good point that, you know, if on its face it looks like a meeting of the minds and it's a contract, it's a contract. You can't have people getting out of the Rule 60 offer of judgment because either, A, they didn't understand what they were doing or, B, now they don't like the result of that.

THE COURT: Well, how can there be a meeting of the minds when the offer of judgment is for 9,000-dollars less than the attorney's fees which you want to add on top of the judgment? In other words, how can the defendant

have understood what the amount of the judgment, the total, total amount was going to be if it had no idea at the time what your attorney's fees were? Your attorney's fees could have been a million dollars.

MR. ROSE: They could have been, but obviously there's a reasonable fee requirement and the court has oversight. I don't think the issue is really was there a meeting of the minds so much as did a party represented by counsel file an offer of judgment, which is a legal proceeding, it's referred to by some commentators as a sanction type pleading because it creates a sanction if the plaintiff doesn't accept it, and ends up with less. So, if there's nothing ambiguous about it, and there's a good case called Rule v. Tobin (ph) out of Vermont, 168 VT 166, that says the Rule 68 should not be vacated at the offerer's whim when the offerer's research reveals that the probable legal result of the judgment may not be what he wanted it to be.

THE COURT: Which makes sense if you're talking about the merits of the case. But here, how could the defendant have understood that some unknown amount of money was going to be added to what it was offering to resolve the case for?

MR. ROSE: I think, again, to -- maybe I'm saying the same point, Your Honor, but every practitioner

knows that. Every practitioner who practices in the area of employment law, anything where there's fee shifting, knows that if you file an offer of judgment in a case where there's fee shifting, there's going to be a fee shifting hearing afterwards.

THE COURT: Well, no, that's not necessarily true. What isn't clear -- I mean obviously if the offer of judgment had said expressly "including attorney's fees" we wouldn't have this problem. And so the question becomes whether the offer of judgment as stated, which says simply offers judgment to plaintiff in the amount of 26,419.42, should be read as including attorney's fees or not including attorney's fees.

And the rule talks about, allows a party to allow judgment on specified terms with the costs then accrued. So obviously the costs of litigation would be something that would be included and the question, the only question is whether attorney's fees with a fee shifting statute are something other than costs that accrued.

But I'm really struggling to understand, notwithstanding the fact that the offer was not express, how the defendant could have been understood to mean anything other than this is the total we're going to pay to get rid of this case.

MR. ROSE: I believe we've addressed it in our brief. I think there are many cases we cited in which this specific language was found to have meant including or allowed attorney's fees. I mean if you wanted to include attorney's fees, you have to state it; otherwise what does it include?

THE COURT: Well, it includes costs. Do costs include attorney's fees?

MR. ROSE: Not on this statute. And I will tell you, Your Honor, it's exceptional complicated. If you read the Merrick v. Chesney case, it is complicated because that fee shifting statute, 1988, utilizes attorney's fees as part of the costs, and the particular New York labor statute or the Connecticut statute doesn't have attorney's fees as a matter of costs.

We look at it very simply as this. They stipulated to a judgment. There's now a judgment in favor of the plaintiff on all five of the counts. Once there's a judgment, it's almost a ministerial issue then at that point, because under 1988 it says the court may award fees. Under the New York labor statute, it says the court shall award attorneys fees.

THE COURT: Sure, you're ignoring the motion to vacate.

MR. ROSE: I am, because I don't think he's put

forward a Rule 60(B)(1) requirement. I mean, mistake, inadvertence or excusable neglect. And the Second Circuit has consistently declined to relieve a client under Section 1 of the burdens of the final judgement due to the mistake or omission of his attorney by reason of the latter's ignorance of the law.

THE COURT: All right, but Rule 60 is discretionary, so why should I require the defendant to pay more than twice the amount that the defendant sought to resolve this case for? That's fundamentally what we're talking about.

MR. ROSE: Well, with all due respect to the defendant, that's what the defendant is saying now, but in the normal contract, you look at the terms of the contract. You don't look at what the person says afterwards. I mean the terms of the contract is we accept a judgment. They took a judgment on five counts. Now, after the fact, they say, hey, we didn't know what it was. We didn't know that the attorneys fees were 39,000-dollars.

THE COURT: All right. Well, I'll be frank. I'm unconvinced, and I think the only fair thing to do here, because I don't believe there has been a meeting of the minds -- you apparently, in accepting the judgment, thought you were going to get a judgment for in excess of

$60,000. And the defendant, in offering the judgment, thought it was going to resolve this case for $26,000. And that's a huge, huge difference.

So I think the only fair thing to do here is to allow you, if you choose to, to accept judgment in the amount of 26,419 or, if you would prefer, I will grant the motion to vacate the judgment based upon my belief and holding that there hasn't been a meeting of the minds here.

This is a contract, after all, and there has been a mistake in the sense that the defendant did not understand that it was going to have pay over $61,000 to resolve this case.

I think it's your choice. You can accept the amount that was in the offer of judgment or you can decline it, in which case I'll vacate the judgment and we'll be back in litigation. Perhaps you can resolve the case, perhaps you can't, but I don't think it's fair to require the defendant pay $61,000 when it thought it was resolving the case for 26.

MR. ROSE: Well, I hear what Your Honor is saying. I do believe that the 2nd Circuit has already said that a party should not be relieved from a mistake of fact or law, which it seems to be thats the basis for you vacating the judgment, that he didn't understand that he

would be subject to attorney's fees. So -- if that's what Your Honor is doing, I understand that. I will --

THE COURT: I'm granting the Rule 60 motion in the event that you decline to accept the judgment that was offered. I believe that the -- I don't have to put all my reasons on the record. I believe that the defendant has met the requirements of Rule 60(B) and --

MR. ROSE: Which, Rule 60(b)(1)?

THE COURT: Rule 60(b)(1) as well as Rule 60(b)(6), any other reason that justifies relief. Here, clearly there's a reason that justifies relief. The defendant have should not be obligated to pay more than double what it thought it was going to be resolving this case for.

MR. ROSE: Okay. Very good. I will have to talk to my client, but would you put some time limit on for us and then also we would need some time to determine whether or not there's an appellate right from that decision.

THE COURT: Sure.

MR. ROSE: So, if you would tell us to do this, get back to you by -- you know, five days, ten days, something like that, and then the judgment or the opening would take effect a certain day and then I need to determine if we've got a right to go to the circuit.

THE COURT: Sure. Let's make it seven days from today.

MR. ROSE: Okay. Very good.

THE COURT: All right. So, you'll send something in writing to the defendant and to the court, I take it, within that seven days.

MR. ROSE: I will. We'll send something in writing to the court indicating, and to Attorney Luz, indicating either that we've accepted the offer of judgment as specified or we have not.

THE COURT: All right. I would note that in effect what I'm doing is imposing a remittitur on this matter. And so it's up to you, as I said before, to make that choice, whether you accept the reduced amount or whether you want to proceed further with the litigation.

MR. ROSE: Okay, very good.

THE COURT: Thank you.

MR. ROSE: Thank you.

(Whereupon the above matter was adjourned at 1:40 o'clock, p. m.)

C E R T I F I C A T E

I, Susan E. Catucci, RMR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ Susan E. Catucci

Susan E. Catucci, RMR
Official Court Reporter
915 Lafayette Boulevard
Bridgeport, Connecticut 06604
Tel: (917) 703-0761